

**IT IS ORDERED as set forth below:**

**Date: February 9, 2026**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| In re: | | CASE NUMBER: |
|---|---|---|
| **JALEB J. HARRISON,** | | **25-58223-PMB** |
| Debtor. | | CHAPTER 13 |

### ORDER DENYING MOTION TO EXPUNGE
### BANKRUPTCY CASE FROM PUBLIC RECORDS

Before the Court is the *Pro Se Motion to Dismiss Chapter 13 Case as Void Ab Initio and for Equitable Relief Due to Extreme Hardship* filed by the above-named Debtor (the "Debtor") on February 4, 2026 (Docket No. 24)(the "Motion"). In the Motion, the Debtor seeks to void and expunge the above-captioned Chapter 13 bankruptcy case (No. 25-58223-PMB)(the "Case") from the public records and obtain an order recognizing this filing as a good faith error based on extreme hardship. For the reasons set forth below, the Motion is denied.[1]

In support of the Motion, the Debtor states that at the time of filing, he was experiencing extreme emotional distress, instability, and personal hardship. This condition was due to

---

[1] The Case was filed on July 23, 2025, dismissed on August 21, 2025, and closed on November 20, 2025.

confluence of factors including a death in the family, emotional trauma, housing instability, and financial disruption.  The Debtor further states that he did not possess the intent, mental clarity, or financial capacity to pursue a viable Chapter 13 repayment plan.  The Debtor adds that the filing was not abusive, fraudulent, or manipulative, but a good faith error on his part.

## Discussion

As an initial observation, "[t]here is a strong presumption in favor of public access to bankruptcy proceedings" and a "debtor's affairs are an open book." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006); *accord*, *In re Wyatt*, 368 B.R. 99, 101-02 (Bankr. D. N.H. 2007)("[a]s a matter of public policy, a bankruptcy court's dockets are open to the public").  This policy of open inspection is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.  *See, e.g., In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).  In addition, the right of public access "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *In re Gitto Glob. Corp.*, 422 F.3d 1, 7 (1st Cir. 2005).  Under 11 U.S.C. § 107(a) of the Bankruptcy Code, the public's right to access all papers filed in bankruptcy court proceedings is codified and provides, with limited exceptions, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).

"[T]he purpose of [expunging the record] is to protect the legal rights of [a] debtor, and the remedy is available only in certain extraordinary circumstances, such as when a debtor did not authorize the filing of a bankruptcy purportedly made on [debtor's] behalf." *In re T.H.*, 529 B.R. 112, 134–35 (Bankr. E.D. Va. 2015).  Most courts that have expunged a case generally draw upon

2

Sections 105 and 107 of the Code; and typically involve a bankruptcy filing caused either by error or because of fraud. *See, e.g., In re Mangum*, 2012 WL 2153788, at *2-3 (Bankr. E.D.N.C. June 13, 2012)(ordering records of bankruptcy filed in debtor's name by non-debtor spouse and without debtor's knowledge or authority be expunged; and directing the credit reporting agencies to expunge case from their records); *In re Storay*, 364 B.R. 194, 196-97 (Bankr. D. S.C. 2006) (granting debtors' request that a case be expunged because debtors' attorney filed bankruptcy petition without debtors' express authorization). Conversely, courts that have considered whether a debtor's bankruptcy may be expunged have found that such a remedy was not appropriate where a debtor knowingly filed the petition. *See In re Khan*, 2013 WL 6645436, at *2 (B.A.P. 9th Cir. Dec. 17, 2013); *In re Duque*, 2016 WL 4239608, at *1 (Bankr. M.D. Fla. Aug. 8, 2016); *In re Frederick*, 2016 WL 597201, at *2 (Bankr. E.D.N.C. Feb. 12, 2016); *In re Scholz*, 2010 WL 1257826, at *1 (Bankr. D.D.C. Mar. 26, 2010).

That is the case here—the Debtor does not allege that the filing was unintentional or unauthorized. Instead, the Debtor seeks to have the Case declared void ab initio and expunged from the public record. The Court does not question the Debtor's allegation that he filed the Case "as a panic response during a moment of crisis." Unfortunately, such circumstance does not change the fact that the Debtor knowingly and intentionally filed this Case to obtain the legal benefits offered by Chapter 13.[2]

The Debtor's Motion seeks to expunge or otherwise remove the Case from his records because continued reporting "causes severe hardship and prevents Debtor from rebuilding

---

[2] The Debtor has also failed to meet his burden in showing that the Case should be expunged under Sections 107(b)(2) or (c)(1) of the Code. Under Section 107(b)(2), a bankruptcy court may enter a sealing order to "protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case. Section 107(c)(1) of the Code authorizes the bankruptcy court to enter a seal order to protect personal information if such information "would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." Neither of those conditions are present here.

3

financial stability," presumably because its existence adversely affects his credit. The Debtor, however, has made no showing that the alleged statements in the papers filed in the Case are untrue, potentially untrue, irrelevant, or made with an improper purpose. The Motion also does not allege that the Debtor has been defamed or is at risk of identity theft.

## Conclusion

Accordingly, and after carefully reviewing Debtor's Motion and the record, although the Court is understandably sympathetic to his predicament, the Court finds that relief under Section 107 is inappropriate on these facts.

For the above reasons, it is

**ORDERED** that the Motion is **DENIED.**

The Clerk's Office is hereby directed to serve a copy of this Order upon the Debtor, the Chapter 13 Trustee, and all creditors on the mailing matrix.

**[END OF DOCUMENT]**